UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Gundlah, Jr.,              :
        Plaintiff,          :
                              :
    v.                             :     File No. 1:03-CV-309
                              :
Charles Remick,                    :
District Manager, Vermont          :
Department of Corrections,         :
        Defendant.          :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 19 and 20)

Plaintiff Charles Gundlah, Jr. is a Vermont inmate incarcerated in Florida and proceeding *pro se* and *in forma pauperis*. Gundlah initiated this action claiming that he was being denied access to legal materials that would enable him to bring negligence and statutory damages claims various employees of the Vermont Department of Corrections. (Papers 5 and 15). The defendant has moved for summary judgment, arguing that the requested materials have been provided, and that the case is now moot. (Paper 19). After the defendant filed his motion for summary judgment, Gundlah moved to withdraw the complaint, claiming that he is being transferred out of Florida and that the transfer "resolves any negligence claim Plaintiff was preparing to file, making the above-styled claim moot." (Paper 20). Gundlah's motion asks that dismissal be without prejudice. Id.

Gundlah's motion to dismiss and the defendant's motion for summary judgment are each unopposed. On May 13, 2005, the Court issued an Order giving the defendant a further opportunity to oppose Gundlah's motion for dismissal without prejudice. (Paper 21). In that Order, the Court warned that "[i]f no opposition is filed, the Court may dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2)." Id. The deadline for responding to the Court's May 13, 2005 Order has now passed.

Fed. R. Civ. P. 41(a)(2) permits the Court to dismiss a case at the plaintiff's instance "upon such terms and conditions as the court deems proper." This case has been pending since late 2003. In that time, the defendant has filed dispositive motions, one of which is currently pending. Despite these filings, there is no indication on the Court's docket that the parties have engaged in discovery. Furthermore, the defendant has chosen not to object to Gundlah's motion to dismiss, and thus to allow his claims to be dismissed without prejudice. In light of these facts, I recommend that Gundlah's motion to dismiss (Paper 20) be GRANTED, that his claims be dismissed without prejudice, and that the defendant's motion for summary

judgment (Paper 19) be DENIED as moot.

    Dated at Burlington, in the District of Vermont, this 3rd day of June, 2005.

                                  /s/ Jerome J. Niedermeier
                                  Jerome J. Niedermeier
                                  United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).